UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ESTEBAN MARTINEZ-PEREZ,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26-CV-2256 JLS (MSB)<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 7) |

Presently before the Court is Aaron Esteban Martinez-Perez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 7).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 9).  Petitioner, a Mexican national, entered the United States in 2021 without inspection and alleges that he has been detained at the Otay Mesa Detention Center since his arrest following a traffic stop in September of 2025.  Pet. at 2.  Petitioner claims that he is entitled to release and a bond hearing.  *Id.* at 7–8.

/ / /

/ / /

/ / /

/ / /

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  Respondents acknowledge that the facts of this Petition are not materially distinguishable from prior orders finding a bond hearing necessary under § 1226(a).  Ret. at 2–3.  Therefore, Respondents do "not oppose an order directing a bond hearing under § 1226(a) given the underlying facts of how Petitioner's current custody originated from an ICE detainer, and otherwise defers to the Court on the appropriate relief." *Id.*  Therefore, the Petition (ECF No. 7) is **GRANTED IN PART**.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 7) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL** file a status report informing the Court of the outcome of the hearing by June 12, 2026.  The Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 22, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-2256 JLS (MSB)